IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

MELVIN MARTIN, DEBRA MEISSNER, )
LATRICIAL KIRKWOOD, MARK UPTON, and )
DAVID GONZALES, individually and on )
behalf of the classes defined )
herein, )   No. 07 C 4745
             )
        Plaintiffs, )
             )
   v. )
             )
CAVALRY PORTFOLIO SERVICES, LLC; )
CAVALRY SPV I, LLC; CAVALRY SPV II, )
LLC; CAVALRY INVESTMENTS, LLC; and )
LAW OFFICE OF KEITH S. SHINDLER, )
LTD., )
             )
        Defendants. )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Melvin Martin, Debra Meissner, Latricia Kirkwood, Mark Upton, and David Gonzalez, individually and on behalf of certain classes filed an amended complaint ("the complaint") under the Fair Debt Collection Practices Act, 16 U.S.C. § 1692a et seq. ("FDCPA") against defendants Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Cavalry SPV II, LLC, Cavalry Investments, LLC (collectively "Cavalry defendants") and Law Office of Keith S. Schindler, LTD. Defendants have filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) and for lack of jurisdiction under Rule 12(b)(1). For the following reasons, the motion is denied.

I.

Plaintiffs allege that defendants, acting in concert, violated the FDCPA by threatening, filing, and collecting telecommunications debts which exceeded the two year statute of limitations. Specifically, the Cavalry defendants are alleged to have purchased cellular communications debts allegedly incurred by plaintiffs with Sprint and filing time-barred suits against plaintiffs in the Circuit Court of Cook County through the Law Office of Keith S. Shindler. Default judgments against plaintiffs Martin and Upton were obtained in June 2007 and May 2007, respectively.

II.

In assessing defendants' motions to dismiss under FED. R. CIV. P. 12(b)(1) and (6), I must accept all well-pleaded facts in the complaint as true. *St. Johns United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007); *McMillan v. Collection Prof'ls*, 455 F.3d 754, 758 (7th Cir. 2006). I must view the allegations in the light most favorable to plaintiffs and accept all well-pleaded facts in the complaint as true. *Id.* Under Rule 12(b)(6) "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. - -, 127 S. Ct. 1955, 1965 (May 21, 2007); *Jennings v. Auto Meter Prods., Inc.*, 495 F.3d 466, 472 (7th Cir. 2007); *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776-77 (7th Cir. 2007).

III.

Defendants first move to dismiss on the ground that I lack subject matter jurisdiction based on the *Rooker-Feldman* doctrine. In opposing the motion, plaintiffs point to *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). *Exxon* provides that the *Rooker-Feldman* doctrine "is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments." *Id.; see also Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007) (citation omitted) ("Under the *Rooker-Feldman* doctrine, lower federal courts lack subject-matter jurisdiction when, after state proceedings have ended, a losing party in state court files suit in federal court complaining of an injury caused by the state-court judgment and seeking review and rejection of that judgment.").

As alleged in the complaint, plaintiffs' injury is distinct from the state court judgment itself. Plaintiffs do not target the state court's decisions, but defendants' alleged practice surrounding the collection of debts at issue. *See, e.g., Cotton v. Asset Acceptance*, No. 07 C 5005, slip op. at 3 (Feb. 25, 2008) (St. Eve, J.) (Doc. Entry # 48). Accordingly, the motion to dismiss for lack of subject matter jurisdiction is denied.

Defendants also move to dismiss plaintiffs claims as barred by claim preclusion. Res judicata is an affirmative defense. *See Gann v. William Timblin Transit, Inc.*, 522 F. Supp. 2d 1021, 1026

3

(N.D. Ill. 2007). "Affirmative defenses normally need not be anticipated or negated in a complaint, and a motion to dismiss is normally only granted when a plaintiff pleads facts to show that her claim is barred by the affirmative defense." *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 992 (N.D. Ill. 2007) (citing *Tregenza v. Great Am. Communications Co.*, 12 F.3d 717, 718-19 (7th Cir. 1993)).

Under Illinois law, applicable here, res judicata bars a subsequent action if "'(1) there was a final judgment on the merits rendered by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies.'" *Whitaker v. Ameritech Corp.*, 129 F.3d 952, 956 (7th Cir. 1997) (quoting *Downing v. Chicago Transit Auth.*, 162 Ill.2d 70, 73-74, 642 N.E.2d 456, 458 (1994)). With respect to the second element, courts apply the transaction test which "asks whether both claims arise out of the same factual situation." *Id.* at 958. In *Whitaker*, the Seventh Circuit found that an FDCPA debt collection claim was barred under res judicata even though plaintiff had a default judgment entered against her on her debt. *Id.* at 958.

As alleged in the complaint, plaintiffs' claims do not arise from the same factual situation. *See, e.g., Cotton*, No. 07 C 5005, slip op. at 4 (Feb. 25, 2008) (Doc. Entry # 48). Defendants'

attempts to distinguish *Whitaker* are unpersuasive. Accordingly, the motion to dismiss on this ground is denied.

Defendants next argue that Martin's FDCPA claims are time-barred. The FDCPA has a one year statute of limitations. 15 U.S.C. § 1692k(d). Statute of limitations is an affirmative defense, therefore dismissal is appropriate only if plaintiff pleads facts to show that his claim is barred by the affirmative defense. *Tregenza*, 12 F.3d at 719.

Martin filed his FDCPA suit on August 22, 2007. The complaint contains allegations of improper debt collection activity by all defendants as late as "the spring of 2007." Accordingly, Martin's claims are not time-barred.

Finally, defendants move to dismiss certain of the Cavalry defendants on the ground that some of them were not parties in the underlying suits against plaintiffs. However, the complaint plainly alleges that all of the Cavalry defendants "were acting in concert" in their debt collection practices, which are the subject of this suit. Accordingly, the motion to dismiss is denied.

IV.

For the foregoing reasons, defendants' motion to dismiss is denied.

ENTER ORDER: 3/28/08

_____
**Elaine E. Bucklo**

5

United States District Judge

Dated: March 28, 2008