# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| MELVIN MARTIN, | ) | |
| DEBRA MEISSNER, | ) | |
| LATRICIA KIRKWOOD, and | ) | |
| DAVID GONZALEZ, | ) | |
| individually and on behalf of the | ) | |
| classes defined herein, | ) | |
| | ) | 07 C 4745 |
| Plaintiffs, | ) | Judge Bucklo |
| | ) | |
| vs. | ) | |
| | ) | |
| CAVALRY PORTFOLIO SERVICES, LLC; | ) | |
| CAVALRY SPV I, LLC; | ) | |
| CAVALRY SPV II, LLC; | ) | |
| CAVALRY INVESTMENTS, LLC; and | ) | |
| LAW OFFICE OF KEITH S. SHINDLER, LTD., | ) | |
| | ) | |
| Defendants. | ) | |

## FINAL ORDER APPROVING CLASS ACTION SETTLEMENT

This matter came on for hearing on March 23, 2009, upon the application of the Parties for approval of the settlement set forth in the Class Settlement Agreement ("Agreement"). Due and adequate notice having been given to the Classes, and the Court having considered the Agreement, all papers filed and proceedings had herein and all oral and written comments received regarding the proposed settlement, and having reviewed the record in this Litigation, and good cause appearing

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. On December 18, 2008, this Court preliminarily approved the Class Settlement Agreement reached between plaintiffs, Melvin Martin, Debra Meissner, Latricia Kirkwood and David Gonzalez, and Defendants Cavalry Portfolio Services, LLC, Cavalry SPV I, LLC, Cavalry

SPV II, LLC for the claims alleged in the above-captioned matter Melvin Martin et. al., individually and behalf of classes defined herein, v. Cavalry Portfolio Services, LLC et. al., Case No. 07 C 4745 filed in the United States District Court for the Northern District of Illinois, Eastern Division. The Court approved form notices for mailing to the members of the Classes. The Court is informed that actual notice was sent by first-class mail to 3,259 members of the Classes (counting couples and other joint persons as a single class member). A total of 414 envelopes were returned by the United States Postal Service marked not deliverable with no forwarding addresses available, and 14 envelopes were returned and re mailed to a forwarding address. Three members of the Classes requested exclusion and no objections were filed or received. Five-hundred twelve (512) members of the Classes returned claim forms.

2. The Court, for purposes of this Final Judgment and Order of Dismissal (the "Judgment"), adopts all defined terms as set forth in the Class Settlement Agreement.

3. The Court has jurisdiction over the subject matter of the Litigation, the Plaintiffs and Class Representatives, the other members of the Classes, and the Defendants.

4. The Court finds that the distribution of the Notices of Class Action Settlement as provided for in the Preliminary Approval Order constituted the best notice practicable under the circumstances to all Persons within the definition of the Classes, and fully met the requirements of Illinois law and due process under the United States Constitution.

5. The Court approves the settlement of the above-captioned actions, as set forth in the Agreement, each of the releases and other terms, as fair, just, reasonable and adequate as to the Parties. The Parties are directed to perform in accordance with the terms set forth in the Agreement.

6. Solely for purposes of effectuating this settlement this Court has certified three

Classes of Persons who satisfy the following criteria.

> Class I is defined as follows:
>
> all individuals with Illinois, Indiana or Wisconsin addresses (b) against whom defendant Cavalry SPV I, LLC, Cavalry SPV II, LLC, Cavalry Portfolio Services, LLC, and/or Cavalry Investments, LLC filed or caused to be filed a lawsuit (c) to collect a debt for federally-regulated telecommunications services (d) where any of the telecommunications charges antedated the filing of the lawsuit by two years, (e) where the filing of the lawsuit occurred at any time during a period beginning on August 22, 2006 and ending Sept. 11, 2007.
>
> Class II is defined as follows:
>
> all individuals with Illinois addresses (b) against whom defendant filed or threatened or caused to be filed or threatened a lawsuit (c) to collect a debt for federally-regulated telecommunications services (d) where any of the telecommunications charges antedated the filing of the lawsuit by two years, (e) where the filing of the lawsuit occurred during a period beginning August 22, 2002 and ending Sept. 11, 2007.
>
> Class III is defined as follows:
>
> all individuals with Illinois addresses (b) against whom defendants filed or threatened or caused to be filed or threatened a lawsuit (c) to collect a debt for federally-regulated telecommunications services (d) where any of the telecommunications charges antedated the filing of the lawsuit by two years, (e) where the filing of the lawsuit occurred at any time during a period beginning August 22, 2004 and ending Sept. 11, 2007.

Persons who are deceased or whose accounts were subject to bankruptcy are excluded from the Classes.

7. Defendants will maintain a list of class members and account numbers that identifies the accounts subject to the settlement pool and the release.

8. Excluded from the Classes are those Persons (identified in Appendix A hereto) who timely and validly requested exclusion.

9. With respect to the Classes and for settlement purposes only, this Court finds and

concludes that:

    (a) the members of the Classes are ascertainable and so numerous that joinder of all members is impracticable,

    (b) there are questions of law or fact common to the Classes, and there is a well-defined community of interest among members of the Classes with respect to the subject matter of the Litigation;

    (c) the claims of the Plaintiffs and Class Representatives are typical of the claims of the members of the Classes;

    (d) the Class Representatives have fairly and adequately protected the interests of the members of the Classes;

    (e) a class action is superior to other available methods for an efficient adjudication of this controversy; and

    (f) the counsel of record for the Class Representatives is qualified to observe as counsel for plaintiffs and for the Classes.

10. The Plaintiffs and Class Representatives, and each class member not opting out, as of the Effective Date of the Agreement, releases and forever discharges Defendants, and their past, present or former parents, officers, directors, partners, members, principals, employees, agents, servants, predecessors, successors, subsidiaries, affiliates, shareholders, heirs, executors, trustees, attorneys, personal and legal representatives, beneficiaries, divisions, administrators, insurers, and assigns ("Released Parties") of and from all causes of action, suits, claims, demands, liabilities, judgments, debts, charges, and damages including any indemnity claims for payment of attorney's fees and costs, that were made or which could have been made by Plaintiffs on behalf of themselves or on behalf of the above-defined class in the Lawsuit, in law or in

equity, for anything of any kind or nature whatsoever, known or unknown at this time, that occurred from the beginning of time up through and including the date the Court grants final approval to the settlement arising out of the allegations of the Complaint. Nothing in this Agreement releases any Class members' claims against Law Office of Keith S. Shindler, Ltd. Excluded from this release are any and all claims and defenses that class members could assert against the Released Parties for lawsuits filed by the Released Parties against Plaintiffs or class members on or after the date set by the Court for class members to opt out of the class.

11. Nothing herein shall prevent Defendants from continuing to attempt to collect the debts allegedly owed by the members of the Classes, nor will it prevent the members of the Classes from asserting any defenses they have to the debts. In particular, members of the Classes do not release any claims or defenses they may have regarding (1) whether any debt is in fact owed, (2) the crediting of payments on any debt, or (3) the proper reporting of any debts to credit bureaus. Members of the Classes also do not release any right to move to vacate judgments or orders entered against them, or claims that seized assets are exempt from garnishment.

12. Defendants will cease filing or threatening to file lawsuits in Illinois, Indiana, and Wisconsin to collect on allegedly federally-regulated telecommunication debts where the debts are older than two years. Defendants have the right to resume filing such suits if a state appellate court or a federal district court issues an opinion that such suits are lawful, or the FCC issues an opinion or that there is a statutory revision that leads Defendants to conclude that 47 U.S.C. § 415 does not apply to all or some of the debts at issue.

13. Neither the Agreement nor the settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the settlement:

    (a) is or may be deemed to be or may be used as an admission of, or evidence

of, the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or

    (b)  is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal or administrative proceeding in any court, administrative agency or other tribunal. The Agreement and/or the Judgment from this Litigation may be used in any other action in order to support a defense or counterclaim based on the existence of the Agreement, such as res judicata, collateral estoppel, release, good faith settlement, judgment bar or reduction or the like.

14. The Court dismisses the claims of Plaintiffs and the Classes against Defendants and the Released Parties without prejudice and without costs.

15. Within ninety-five (95) days of this Order, Defendant shall file a notice ("Notice of Compliance") that Defendant has complied with the terms of the Agreement and all class members have been issued checks.

16. Ten days after the Notice of Compliance has been filed, the Court will enter an order converting the dismissal to a dismissal with prejudice, absent a timely motion by Plaintiffs or Defendants.

17. The Parties are directed to perform the Agreement.

18. The Court has reviewed Class Counsel's petition for attorney's fees and costs of $35,000. The Court finds that Class Counsel's petition is fair and reasonable and awards $35,000 in attorney's fees and costs.

19. The Court reserves exclusive and continuing jurisdiction over the Litigation, the Plaintiffs and Class Representatives, the Classes and the Released Parties for the purposes of: supervising the implementation, enforcement, construction, administration and interpretation of

the Agreement and this Judgment.

20. The motion of Plaintiffs' counsel to withdraw representation of Plaintiff Deborah Meissner is withdrawn. Defendants shall tender a check to Meissner for $1,000 within 35 days of the effective date. That amount represents the maximum amount which Plaintiff Meissner could recover under the law for her claims. In the event that Meissner does not cash the check within 60 days from the issuance of that check, her $1,000 will be included in any money to be donated to the designated *cy pres* recipients.

IT IS SO ORDERED.

DATED: _____3/25/09_____  By: _____

Honorable Judge Elaine E. Bucklo
United States District Judge